The opinion of the court was delivered by

Mr. Justice Huger.

On the first ground the appellant must fail, as the court can discover no error in the estimate of damages made by the jury, on the evidence submitted to them.
On the second ground, judgments generally refer to the situation of the parties at the commencement of the suit. If at that time the plaintiff had no cause of action, he must suffer a non-suit. It is then the defendant is informed of the wrong with which he is charged and the redress which is demanded. The declaration, which is but an amplification of the writ, must swwst set forth the form and manner of the injury, to enable the defendant to file the pleas necessary to his defence, and the judgment must correspond with the pleadings. If new matter however be introduced, subsequent to the pleadings, the defendant may be surprized, and the judgment of the court may not conform to the pleadings.
There are however exceptions to the general rule; but these exceptions occur only where the reason of the rule ceases, or the Legislature in its power has interfered. Of the last class, the action of trespass to try title and for damages, is one. Under the authority of the act creating the action, damages are given to the time of judgment, and no subsequent action can be supported for mesne profits. (Sumpter & Lehie, *278 Treadway, 102.) Of the first class of exceptions, is the action of assumpsit, brought on contracts for the payment of money with interest. In such actions, the plaintiff is always permitted to recover interest to the date of the judgment; but here the interest accruing after action commenced is the certain legal result of the contract on which the action is brought, and therefore the defendant cannot be surprized. In these cases the plaintiff would be without remedy, were not the mesne interest included in the judgment. For'action could not be brought for the interest', after satisfaction had for the promise. (2 Burrows, 1087.) But in an action on the case for special damages for a public nuisance, the judgment must conform to the general rule. It is not to be forced within the reason of the exceptions. There is no nece.- sary, certain connexion between the injuries sustained before and after the commencement of the action. It does not follow, because a special injury has been sustained at one period of time, that another is to follow at any interval or at all. If therefore the plaintiff be permitted to give evidence of an injury sustained subsequently to the bringing of the action, the defendant may be surprized; for he may not know of the injury sustained, nor be prepared to defend himself. Nor is it necessary to the justice of the case,..for the plaintiff may bring his action, toties’ quo ties, he may sustain an injury. (3 Blkst. Comm. 220. 2 Espinasse’s N. P. 269.) In the case of Robinson and Bland, (2 Burrows 1087,) Lord Mansfield^$J}serves that “it is agreeable to the principles of the Common Law that whenever a duty has occurred pending the writ, for which no satisfaction can be had by a new trial, such duty shall be included in the judgment to be given upon the action already pending.” And in Robert Pilford’s case, (10th Coke 117,) it is said that in personal actions, damages shall be recovered only for the wrong done before the writ brought; but in real actions, he recovers damages pending the writ. The motion for a new trial must, therefore, be granted.
Petigru King, for motion.
Hunt 8f Kennedy, contra.
Mott, Colcoch, Gantt, Johnson, and Richardson Justices concurred.